**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia A. Meyerson, | |
| Plaintiff, | No. CV-11-0877-PHX-PGR |
| vs. | |
| AMF Bowling Centers, Inc., et al., | ORDER |
| Defendants. | |

Defendant AMF Bowling Centers, Inc. removed this "slip and fall" personal injury action on May 2, 2011 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Having reviewed the defendant's Notice of Removal to determine if subject matter jurisdiction exists in this Court, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary for the Court to determine the existence of § 1332 jurisdiction.

> As the Supreme Court has long since, and repeatedly, made clear, [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

1  Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling
2  v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir.1990).  In order to
3  establish subject matter jurisdiction under § 1332, the removing defendant must
4  demonstrate that the action is between citizens of different states and the amount
5  in controversy exceeds $75,000, exclusive of interest and costs.  The Court
6  cannot determine the existence of either element from the record before it.

7  First, the jurisdictional allegation regarding the plaintiff is deficient because
8  the Notice of Removal merely states that the plaintiff is "a resident of Maricopa
9  County, Arizona."  An allegation of residency is insufficient as a matter of law
10 under § 1332 because, as the Supreme Court has also repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction.

15 Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); cf.,
16 Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs'
17 complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity
18 jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ...
19 [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of
20 diversity jurisdiction.")

21 Second, the allegation in the Notice of Removal regarding the amount in
22 controversy is also deficient as a matter of law as it is merely an unsupported
23 conclusion. *See* Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089,
24 1090-91 (9th Cir.2003) ("Conclusory allegations as to the amount in controversy
25 are insufficient.")  While the Notice of Removal states that "Plaintiff alleges that

she is entitled to damages in excess of $75,000[,]" the plaintiff's complaint in fact makes no such allegation as it contains no allegation quantifying the plaintiff's damages.  Where, as here, the amount in controversy at the time of removal is not facially evident from the complaint, the defendant, as the removing party, bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 1090; Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir.1992).  The defendant has failed to make any such non-speculative showing based on the submitted record.  Although the defendant has attached to its Notice of Removal a copy of the plaintiff's Certificate of Compulsory Arbitration which certifies that her action is not subject to compulsory arbitration under Arizona law, that certification is insufficient to support the amount in controversy allegation because it merely means that the plaintiff believes that her damages exceed $50,000. *See* Rule 3.10(a), Local Rules of Practice of the Maricopa County Superior Court.

In order to cure these pleading deficiencies, the Court will require the defendant to file an amended notice of removal that affirmatively states the citizenship of each party, and affirmatively sets forth underlying facts supporting its assertion that the amount in controversy exceeds $75,000.  The defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that defendant AMF Bowling Centers, Inc. shall file an amended notice of removal properly stating a jurisdictional basis for this action no later

/ / /

/ / /

than **May 18, 2011.**

DATED this 3rd day of May, 2011.

                                    *Paul G. Rosenblatt* (signature)
Paul G. Rosenblatt
United States District Judge